Mr. Justice Teacher
delivered the opinion of the court.
Francher instituted an action before a justice of the peace against Hairston for obstructing the highway. Upon judgment for the plaintiff below, before the justice, Hairston appealed to the circuit court. In that court there appears to have been no pleadings by the parties, with the exception that the record states that the defendant “ plead the general issue.” Upon the trial the defendant below prayed the court to instruct the jury thatthe cause was coram nonjudice, and that the defendant was entitled to a verdict in his favor. It appeared upon the trial that the plaintiff below was an overseer of the roads. There was no evidence of a judgment against the defendant below by the board of police. •
The statute makes it the duty of the overseers of roads to remove all obstructions upon roads, and charge the expense thereof to the offenders, and to report the number of days of the obstruction and the expenses of removal, to the board of police, which board is authorized to enter judgment thereon, subject to an appeal to the circuit court. How. & Hutch. 450, § 29 ; and 453, § 41. The judgment of the board, if for an amount less than fifty dollars, is recoverable by suit before a justice of the peace.
The statement in the record, that the defendant below plead the general issue, is contradicted by the record itself. There were no pleadings in the record to which an issue could be filed. There was no declaration. The plea of general issue amounted *255 merely to a consent to go to trial. There being no occasion for pleadings in writing, in cases of appeal from a justice of the peace, the character of the party suing could be shown in evidence. An overseer of roads may institute such a suit, but to entitle him to recover in the action he must show, by competent evidence, that a judgment for the amount he seeks to recover, has been first entered up against his defendant, by the board of police. This is the foundation of his right of action. Such evidence not having been produced upon the trial of this cause, the judgment must be reversed, and a new trial granted.